UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DENNIS ALBERTO APARICIO GIRON,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX, *et al*.,

Respondents.

Case No. 1:26-cv-03891 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 14, 23

Petitioner Dennis Alberto Aparicio Giron was arrested by U.S. Immigration and Customs Enforcement ("ICE"), a division of the Department of Homeland Security ("DHS"), on April 3, 2026. Dkt. No. 14 ¶ 27; Dkt. No. 10-1 at 4. Before the Court is his amended petition for a writ of habeas corpus arguing that his detention under 8 U.S.C. § 1225(b) is unlawful, and violates due process as Respondents have made no finding that he is a flight risk or danger to the community. *See* Dkt. No. 14 ¶¶ 55–74. Following conclusion of briefing on the amended petition, Petitioner moved for a temporary restraining order seeking expedited review of his petition or, alternatively, release while the petition is pending. *See* Dkt. No. 23. For the reasons that follow, the Court GRANTS the petition and resolves the motion for a temporary restraining order as moot.

## I. BACKGROUND

Based on the parties' submission, the Court finds the following facts. Petitioner entered the United States as an unaccompanied minor on June 6, 2026, and was taken into DHS custody shortly thereafter. *See* Dkt. No. 10-1 at 5; Dkt. No. 24-1 at 17. Immigration authorities then

designated Petitioner as an unaccompanied minor and transferred him to U.S. Department of Health and Human Services, Office of Refugee Resettlement ("ORR") custody. Dkt. No. 24-1 at 17. On June 25, 2015, ORR released Petitioner to the custody of his mother pursuant to the Temporary Victims Protection Reauthorization Act ("TVPRA"). *Id*.

Following his release, Petitioner began living in the United States with his mother. *See id*. He also sought further immigration relief, including a grant of Special Immigrant Juvenile Status on December 23, 2022, and a pending I-485 application for adjustment of status. *Id*. He claims to have kept a clean criminal record over the last ten years—a contention which Respondents do not dispute. *See* Dkt. No. 10-1 at 5. Petitioner was re-detained by ICE on April 3, 2026 following a traffic stop. *Id*. at 4; Dkt. No. 14 ¶ 40.

## II. DISCUSSION

Petitioner argues that his present detention under 8 U.S.C. § 1225(b) is unlawful, and that his re-detention without any showing of changed circumstances since his initial release violates his procedural due process rights. *See* Dkt. No. 14 ¶¶ 55–74. As courts throughout this district have found, "[t]he detention of unaccompanied minor children is governed by the TVPRA, which does not mandate detention." *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2686866, *4–5 (E.D. Cal. Sept. 18, 2025) (citing 8 U.S.C. § 1232(d)(2)(A)–(B)). The Court concurs with this reasoning here, and finds that Petitioner may not be lawfully detained under § 1225(b) where he was previously released by the ORR pursuant to the TVPRA. *See, e.g.*, *Cornejo v. Andrews*, 823 F. Supp. 3d 1085, 1096–97 (E.D. Cal. 2026); *Guaman-Pinto v. Archambeault*, No. 26-CV-1716-JES-BLM, 2026 WL 849302, at *2 (S.D. Cal. Mar. 27, 2026); *P.A.H.E. v. Noem*, No. 1:26-CV-01164-DJC-JDP, 2026 WL 451662, at *2 (E.D. Cal. Feb. 17, 2026).

As Respondents have not made any additional argument supporting Petitioner's detention, the Court turns next to due process. Petitioner's due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure that any deprivation of that

protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

**A. Protected Liberty Interest**

The TVPRA that governs the detention of unaccompanied minors encountered at the border, like Petitioner, provides that in making custody determinations the ORR should consider "danger to self, danger to the community, and risk of flight." 8 U.S.C. § 1232(c)(2)(A). The ORR's release of Petitioner in 2016 reflects a determination that he was not a flight risk or danger to the community. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176, 1178 (N.D. Cal. 2017) ("[Immigration officials] may release the minor to a "sponsor" ... so long as the minor is not dangerous .... Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." (citing 8 U.S.C. § 1232(c)(2)(A)), *aff'd* 905 F.3d 1137 (9th Cir. 2018). "Thus, DHS may generally not re-arrest a previously released noncitizen absent a change in circumstances." *Singh v. Noem*, No. 26-CV-0932-GPC-MMP, 2026 WL 468159, at *2 (S.D. Cal. Feb. 18, 2026).

Numerous courts have found that where an unaccompanied minor is released by the ORR to a sponsor, he obtains a liberty interest in his continued freedom, even after reaching adulthood. *See, e.g.*, *Sergio S.M. v. Noem*, No. 1:25-CV-01973-KES-HBK (HC), 2025 WL 3768206, at *3 (E.D. Cal. Dec. 31, 2025); *R.D.T.M.*, 2025 WL 2686866, *4–5; *F.S.S.M. v. Wofford*, No. 1:25-CV-01518-TLN-AC, 2025 WL 3526671, at *3 (E.D. Cal. Dec. 9, 2025); *P.A.H.E. v. Noem*, No. 1:26-CV-01164-DJC-JDP, 2026 WL 451662, at *2 (E.D. Cal. Feb. 17, 2026). Immigration officials' release of Petitioner in 2016 allowed him to live at liberty with his family while he sought further immigration relief. Under these circumstances, the Court finds that Petitioner has a protected liberty interest in his release. *See Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-CV-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal.

June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest).

**B. Due Process**

As Petitioner has a protected liberty interest in his continued freedom, the Court must next determine what process is due before the government may terminate his liberty. Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil immigration proceedings for over ten years. Since then he has sought, and received, various forms of immigration relief and has been allowed to live at liberty while his immigration case progresses. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the Petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Indeed, records submitted by Petitioner indicate that he went before an Immigration Judge four months into his detention, who then erroneously found that it lacked jurisdiction to grant Petitioner's release. Dkt. No. 24-1 at 8–9. Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is only justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690. As there have been no

procedural safeguards to determine if Petitioner's re-detention is justified on a substantive finding of flight risk or danger to the community, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5; *F.S.S.M.*, 2025 WL 3526671, at *6 (finding risk of erroneous deprivation considerable where "as here, Petitioner was previously released pursuant to a finding that he was neither dangerous nor a flight risk" under the TVPRA).

The final *Mathews* factor also weighs in Petitioner's favor. Although the government has a strong interest in enforcing the immigration laws, the government's interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d1094. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega*, 415 F. Supp. 3d at 970.

## III. CONCLUSION AND ORDER

Accordingly, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1. Respondents immediately release Petitioner Dennis Alberto Aparicio Giron from their custody.

2. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation and/or custody hearing.

3. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which the government must show by clear and convincing evidence that he is a flight risk or danger to the community.

4. This Order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

5. This Order resolves all pending motions.

6. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 2, 2026

VINCE CHHABRIA
United States District Judge